# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CLIFFORD CURTIS BELL,** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:10-CV-1027-D-BK | |
| ) | | |
| **PRICE STONE, et al.,** ) | | |
| Defendants. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

This is a civil rights action brought by a Dallas County jail inmate, Clifford Curtis Bell, under 42 U.S.C. § 1983. Plaintiff is awaiting sentencing on his conviction for felony enhanced theft. (Doc. 4 at 2). He claims that he has not been sentenced yet because he was found incompetent, but that he is now mentally stable and ready to be sentenced. (*Id.* at 3-4). Defendants are Price Stone, the attorney representing him in his underlying criminal case; an unnamed state prosecutor for the 203rd Judicial District Court; Earnest W. Scott, attorney at law; and Joel Wilkes, a prosecutor in Taylor County, Texas.

Plaintiff alleges in his complaint and response to the Court's questionnaire that (1) Stone provided ineffective assistance of counsel during Plaintiff's criminal trial, (2) the unnamed prosecutor used information Plaintiff privately told to Stone against him at trial, (3) Scott

disclosed to Wilkes a letter from Plaintiff in which Plaintiff may have confessed to various crimes, which allowed other criminal charges to be pursued against Plaintiff even though Scott knew that the time for filing the indictment already had expired, and (4) Wilkes violated due process by filing an untimely indictment against Bell using the information he obtained from Scott. (Doc. 1 at 3-4; Doc. 4 at 1, 4-6). In his request for relief, Plaintiff states that he wants (1) this Court to read his trial record and "verify [his] statement of injustice" by checking into his criminal background, (2) assistance getting to a veteran's hospital, and (3) "financial assistance" and punitive damages. (Doc. 1 at 4; Doc. 4 at 7).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## III. SECTION 1983 CLAIMS

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts which show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) Defendants were acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

2

### A. Attorneys Scott and Stone

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (some quotations omitted). A defense attorney generally does not act under color of state law for section 1983 purposes when he performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Nevertheless, a party who is not an official of the state can be liable under section 1983 if the private person is involved in a conspiracy to participate in the unlawful action with a state official. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Tower v. Glover*, 467 U.S. 914, 923 (1984) (remanding to the district court to determine whether a state public defender had engaged in conspiratorial action with state officials sufficient to impose section 1983 liability).

To withstand dismissal of a section 1983 conspiracy claim, however, a plaintiff still must plead "specific facts, not merely conclusory allegations." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In this case, Bell's allegations that his defense attorneys conspired with the state prosecutors are simply conclusory and not based on any reference to material facts; thus, the allegations are insufficient to sustain a section 1983 claim. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1984) (holding conclusory a plaintiff's allegations that an attorney had conspired with a state judge in plaintiff's divorce case as evidenced by the judge's commission of alleged errors, *ex parte* amendment to the court's judgment, and assessment of court costs against the plaintiff). Indeed, in a supplemental pleading, Plaintiff declares, "I have not any facts to support my assumption other than I felt Mr. Price [Stone] could have done better." (Doc. 5 at 1). Accordingly, Plaintiff's claims against private counsel should be dismissed as frivolous.

### B. State Prosecutors

Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Thus, to the extent Plaintiff is requesting in his claim for relief "financial assistance" and punitive damages, the state prosecutors are absolutely immune from such liability.

Liberally construing Plaintiff's complaint, it appears that he also is asking the Court to intervene in his pending state criminal case so that he can be sentenced immediately. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings). This the Court cannot do. Under the rule set out by the United States Supreme Court in *Younger v. Harris*, federal courts cannot grant injunctive relief based upon constitutional challenges to pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971). Thus, this claim should be dismissed as frivolous based on *Younger* abstention. Finally, to the extent that Plaintiff is seeking this Court's assistance in obtaining medical care, the Court is not the proper forum for such relief. Plaintiff must first request medical assistance in his place of incarceration. *See, e.g.*, *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999) (noting that inadequate medical care by a prison doctor can result in section 1983 liability if that conduct amounts to deliberate indifference to a prisoner's serious medical needs).

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily DISMISSED as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal will count

4

as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

Signed this 26th day of July, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5